# IN THE COURT OF APPEALS OF IOWA

No. 22-1666
Filed April 24, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALVONNI JANTE STONE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

Alvonni Stone appeals his convictions for first-degree robbery and first-degree burglary. **AFFIRMED.**

Heidi Miller of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Badding, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DANILSON, Senior Judge.**

A jury convicted Alvonni Stone of first-degree robbery and first-degree burglary. On appeal, he challenges the sufficiency of the evidence supporting his convictions. Following our review, we affirm.

## I.    *Background Facts*

Daijon Stokes loaned his cousin, Cederick Smith, $150. Smith couldn't pay Stokes back, and Stokes became angry over his failure to pay up. Four months after Stokes loaned Smith the money, Smith planned to meet up with Dayton Sanders at a local gas station to sell Sanders some K2, a type of synthetic marijuana. Surveillance footage from around the same time shows Sanders with Stokes and Stone. Stone flashed a gun to the others, appearing to role play holding someone up. And then the three got into a vehicle together.

Smith arrived at their meet-up spot first and waited for Sanders to arrive. Sanders arrived a few minutes later along with Stone and Stokes. Stone approached the passenger-side door of Smith's vehicle. Smith reached over to let Stone in his car. Still, Stone hesitated to get into the car. That gave Stokes time to run up to the driver-side of Smith's car. Stokes reached into the car and began to punch Smith as Stone stood in the doorway of the vehicle. Then Stone got into the car and rummaged around, looking for things to take. He took cash and K2 from Smith's vehicle. As Stone searched the car, Stokes continued to punch Smith. Stone got out of the car and pulled out a handgun and pointed it at Smith. As Smith drove away, Sanders approached the vehicle with a gun drawn. One of the men fired at Smith and struck the hood of his car. Smith returned fire. Sanders was struck by a bullet and died at the scene.

For his part, the State charged Stone with first-degree robbery, first-degree burglary, intimidation with a dangerous weapon, going armed with intent, and use of a dangerous weapon in committing a criminal offense.  With respect to the first-degree robbery and first-degree burglary charges, the State charged Stone as a principal and, alternatively, as an aider and abettor.  A jury returned general verdicts finding Stone guilty of first-degree robbery and first-degree burglary and acquitted him of the remaining charges.

Stone appeals, challenging the sufficiency of the evidence supporting his convictions.

## II.     Standard of Review

We review challenges to the sufficiency of the evidence for correction of errors at law.  *See State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021).  "Under this standard, the court is highly deferential to the jury's verdict.  We will affirm the jury's verdict when the verdict is supported by substantial evidence."  *Id.*  Evidence is substantial if it is sufficient to convince a rational person of the defendant's guilt beyond a reasonable doubt.  *Id.*  In making this determination, we view the evidence and all reasonable inferences that can be drawn from it in the light most favorable to the State.  *Id.*  The question is whether the evidence supports the finding the jury made, not whether it would support a different finding.  *Id.*

## III.    Discussion

Stone contends that the State failed to establish sufficient evidence to support his convictions for first-degree robbery and first-degree burglary.  However, Stone only contests whether the State established sufficient evidence that he personally carried out the offenses; he does not challenge the sufficiency of the

evidence supporting the aiding and abetting alternative theory presented to the jury. Because the jury returned general verdicts as to both offenses, we may "not set aside or reverse such a verdict on the basis of a . . . insufficient theory if one or more of the theories presented and described in the . . . jury instruction is sufficient to sustain the verdict." Iowa Code § 814.28 (2021). And "[f]ailure to challenge one of the alternatives is tantamount to conceding substantial evidence supports that theory." *State v. Triplett*, No. 19-1902, 2021 WL 3074475, at *1 (Iowa Ct. App. July 21, 2021). Thus, we could simply affirm under the unchallenged aiding-and-abetting alternative as to each offense without further analysis.

Nevertheless, we elect to review whether Stone at least aided and abetted others in the commission of each offense. "[A]iding and abetting means to 'knowingly approve and agree to the commission of a crime, either by active participation in it or by knowingly advising or encouraging the act in some way before or when it is committed.'" *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023) (citation omitted).

As to the first-degree robbery conviction, the jury was instructed,

> The State must prove all of the following elements of Robbery in the First Degree:
> 1. On or about August 24, 2021, Alvonni Stone or a person he aided and abetted had the specific intent to commit a theft.
> 2. To carry out his intention or to assist him in escaping from the scene with or without the stolen property, Mr. Stone or a person he aided and abetted:
> (a) committed an assault, as defined in Instruction No. [37[1]], on Cedrick Smith.

---

[1] The marshaling instruction misnumbered the definitional instruction for assault as Instruction No. 18. However, Instruction No. 18 was the marshaling instruction itself. The actual definitional instruction was Instruction 37. It stated:

> An Assault is committed when a person does an act which is meant to cause pain or injury, result in physical contact which will be

OR

(b) threatened Cedrick Smith with or purposely put Cedrick Smith in fear of immediate serious injury.

3. At that time, Alvonni Stone or a person he aided and abetted:

(a) purposefully inflicted or attempted to inflict a serious injury on Cedrick Smith.

OR

(b) was armed with a dangerous weapon.

Stone only challenges the evidence supporting the second element.

The evidence presented, including security-camera footage of the incident, established that Stone, Stokes, and Sanders laid out a plan to rob Smith to get back money Smith owed Stokes. At the parties' meet-up, Stone approached Smith's car and delayed getting inside to distract Smith so that Stokes could ambush him from the other side of the car. As Stokes punched Smith, Stone used the distraction to rummage through the car to find items of value to take, including cash and synthetic marijuana. This evidence establishes that Stone aided and abetted Stokes's assault of Smith, which was done to prevent Smith from stopping Stone from taking his money and drugs. This conduct satisfied the second element of the marshaling instruction. Stone's conviction for first-degree robbery is supported by substantial evidence.

---

insulting or offensive or place another person in fear of immediate physical contact which will be painful, injurious, insulting or offensive to another person, when coupled with apparent ability to do the act; or a person intentionally points a firearm toward another, or intentionally displays a dangerous weapon in a threatening manner toward another.

"Apparent ability" means a reasonable person in Alvonni Stone's position would expect the act to be completed under the existing facts and circumstances.

As to the first-degree burglary instruction, the jury was instructed:

The State must prove all of the following elements of Burglary in the First Degree.

1. On or about the 24th day of August, 2021, Alvonni Stone or a person he aided and abetted entered into the land vehicle of Cedrick Smith.

2. The land vehicle of Cedrick Smith was an occupied structure as defined in Instruction No. 41.

3. One or more persons were present in the occupied structure.

4. Alvonni Stone or a person he aided and abetted did not have permission or authority to enter into the land vehicle of Cedrick Smith.

5. The land vehicle of Cedrick Smith was not open to the public.

6. Alvonni Stone or a person he aided and abetted aid did so with the specific intent to commit an assault as defined in Instruction No. 37 or a theft as defined in Instruction No. 40.

7. During the incident, Alvonni Stone or a person he aided and abetted

(a) possessed a dangerous weapon.
OR
(b) intentionally or recklessly inflicted bodily injury on Cedrick Smith.

Stone limits his challenge for the burglary offense to the fourth element, that he "or a person he aided and abetted did not have permission or authority to enter into the land vehicle of Cedrick Smith." While Smith did unlock his passenger door to allow Stone to enter the vehicle, Stone's conduct of distracting Smith allowed Stokes to run up to the driver's side of the vehicle and reach into the vehicle and strike Smith. Even assuming Stone did have permission to enter the car, Stokes did not. And Stone's conduct aided and abetted Stokes's reaching into the car and striking Smith. As Stone does not challenge any other element supporting his conviction, we need not review them. We conclude that Stone's first-degree burglary conviction is also supported by substantial evidence.

**AFFIRMED.**